NicholsON, C. J.,
delivered the opinion of the court.
The question of law to be determined in this cause arises upon the following statement of facts as agreed on by the parties, and the charge of the Circuit Judge thereon:
“Turner, the plaintiff, sued Swaffords, in the Circuit Court of Bledsoe county, in an action of replevin for a mare and colt. He failed to get the property, and elected to proceed in case. He recovered judgment, and execution issued thereon, and was returned nulla bona. After these proceedings in Bledsoe county, Turner found the mare in defendant Brock's possession in McMinn county, and replevied her in this action in the McMinn Circuit Court. This was all the evidence in the case agreed upon."
The Circuit Judge instructed the jury, that if they found the state of facts to be as agreed upon, the plaintiff is barred by the fomer recovery in Bledsoe county, and can not recover in this action, although the said judgment in Bledsoe county is unsatisfied, and you will find in favor of the defendant. The jury returned a verdict in favor of the defendant, on which judgment was rendered, from which the plaintiff has appealed in error to this court.
It has been the settled doctrine in this State for many years, that a judgment against one joint trespasser, *52 without satisfaction, is no bar to an action against a co-trespasser: Knott v. Cunningham, 2 Sneed, 204.
But it does not appear by the facts, as agreed upon, whether or not Brock was a co-trespasser of the Swaffords. It seems that the original suit commenced in Bledsoe county was against the Swaffords, and upon failing to obtain possession of the mare by the writ of replevin, the plaintiff elected to proceed against the Swaffords in case; and in that form of action obtained judgment against them for the value of the mare, but this judgment is unsatisfied.
Is this unsatisfied judgment a bar to the present action of replevin for the same mare? It is clear, upon the authority of Knott v. Cunningham, that if Brock, the defendant in this action, was a co-trespasser of the Swaffords, the judgment against them was no bar to another action against Brock. The evidence does not show how Brock got possession of the mare — whether as a trespasser or as a purchaser from the Swaffords with or without notice of their unlawful possession. But the Judge’s instruction to the jury necessarily required them to find for the defendant, whether he was a co-trespasser or a purchaser, and was therefore erroneous, upon the hypothesis that Brock was a co-trespasser.
Upon the hypothesis that Brock was a purchaser from the Swaffords he is clearly entitled to the defense of a bar to the action, if the legal effect of Turner’s judgment against the Swaffords was a waiver of his title to the mare.
It was decided in the case of Knott v. Cunningham, that the plaintiff could elect to sue one or all of *53 several joint trespassers, and if he elected to sue one and obtain judgment for the wrong against him, this was no waiver of his right to sue the other and obtain judgment against them. It follows that the election to sue one of several trespassers is neither a waiver of the right to sue the other, nor does the obtaining of a judgment against one operate to divest the title to the property involved in the suit out of the plaintiff and vest it in the defendant, unless the judgment so obtained against the trespasser first sued has been satisfied.
The legal effect of a judgment against one joint trespasser, as to its vesting the title of the property in the trespasser so sued, was elaborately examined in the case of Lovejoy v. Murray, 3 Wal., 1. Justice Miller delivered the opinion of the court, and after referring to and commenting on the conflicting authorities, concludes that the weight of authority is against the proposition that a judgment without satisfaction is a bar to a subsequent action. He then shows that upon principle the doctrine that the judgment alone vests the title of the property converted in the defendant can not be maintained. He says: “ The property which was mine has been taken from me by fraud or violence. In order to procure redress, I must sue the wrong-doer in a court of law. But instead of getting justice or remedy, I am told that by the very act of obtaining a judgment, a decision that I am entitled to the relief I ask, the property which before was mine has become that of the man who did me the wrong. In other *54 words, the law, without having given me satisfaction for v my wrong, takes from me that which was mine and gives it to the wrong-doer. It is sufficient to state the proposition to show its injustice/’
In answer to the position, that the judgment represents the price of the property, and as the plaintiff has the judgment the defendant should have the property, Justice Miller says: “ But if the judgment does represent the price of the goods, does it follow that the defendant shall have the property before he has paid that price? The payment of the price and the transfer of- the property are, in the ordinary contract of sale, concurrent acts. But in all such cases, what has the defendant in such second suit done to discharge himself from the obligation which the daw imposes upon him to make compensation? His liability must remain, in morals and on principle, until he does this.”
In this reasoning we fully concur. It is -peculiarly applicable to the case before us. Here the plaintiff sought by replevin to recover his property in specie. He was prevented from doing so by the defendants, and was thereby forced to resort to his remedy in . case. If his judgment vested the title in the defendants without satisfaction, then the defendants under our exemption laws could have held the property and defied the execution issuing upon the judgment.
This question is fully examined in 2 Kent, 388, where the better doctrine is said to be that the judgment without satisfaction is no bar to a subsequent *55 action. He refers to a case (Walker v. Farnsworth) decided by this court in 1844, in which it was held that recovery in damages of the value of a specific chattel does not of itself work a change of title, and transfer it to the defendant or his vendee, without satisfaction of the value found. This case is not reported, but upon examination of the record in this court we find that Judge Kent has given the substance of the decision correctly. We concur in and adopt the principle therein decided as the true doctrine, and hold that the property does not pass . by the judgment, but only by satisfaction of the judgment.
It follows that the charge- of the Circuit Judge was erroneous, whether Brock was a co-trespasser with the Swaffords, or was their vendee or assignee.
Let the judgment be reversed and a new trial awarded.